E-FILED
Tuesday, 16 December, 2014   04:20:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ROBERT JUAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-4043-SLD-JEH |
| | ) | |
| JAMIE DIMON and CHASE BANK USA, N.A., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Pro se plaintiff Robert Juarez claims that Jamie Dimon ("Dimon")[1] and Chase Bank USA, N.A. ("Chase Bank") falsely reported his indebtedness to the IRS, in violation of the Fair Credit Reporting Act ("FCRA").  Dimon now moves, ECF No. 5, to dismiss Juarez's complaint as to Dimon, alleging that the Complaint fails to plead facts sufficient for this Court to exercise personal jurisdiction. Fed. R. Civ. P. 12(b)(2).  For the following reasons, Dimon's Motion to Dismiss is GRANTED.

## **BACKGROUND**[2]

Chase Bank sued Juarez in 2010 in Illinois state court, seeking to collect on outstanding credit card debts of $20,496.52 and $8,615.80.  *See* Mem. Supp. Def.'s Mot. Dismiss 2–3, ECF No. 6.  The action was dismissed without prejudice on May 12, 2011.  Although the case was

---

[1] Plaintiff frequently refers to Defendant Dimon as "Jamie Dimon," whereas Dimon's counsel refers to him as "James Dimon."  The Court will refer to him as "Dimon."

[2] In a motion to dismiss, all well-pleaded allegations in the complaint are taken as true and viewed in the light most favorable to the plaintiff.  *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 934 (7th Cir. 2012) (citation omitted).  Accordingly, the material set forth here is, unless otherwise noted, based on allegations in the Complaint, ECF No. 1, and the Exhibits appended thereto.  *See Beam v. IPCO Corp.*, 838 F.2d 242, 244 (7th Cir. 1988) (stating that "the district court is entitled to consider exhibits attached to the complaint as part of the pleadings").

1

dismissed, Chase Bank continued to send letters and other legal documents indicating that the debt had not been discharged.[3]

Juarez brought the instant action on April 29, 2014, alleging that the defendants[4] had violated the FCRA, 15 U.S.C. 1681, and sought $250,000 in lost wages and $300,000,000 in damages.

## DISCUSSION

### I. Legal Standard on a Motion to Dismiss for Lack of Jurisdiction

In ruling on a defendant's motion to dismiss, the court must "accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000).

Federal Rule of Civil Procedure 12(b)(2) provides that a party may move to dismiss a complaint because the court lacks personal jurisdiction. "'[A] complaint need not include all facts alleging personal jurisdiction.' However, once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003) (quoting *Steel Warehouse of Wisconsin, Inc. v. Leach*, 154 F.3d 712, 715 (7th Cir. 1998)). If any facts material to the jurisdictional inquiry are in dispute, the court must hold an evidentiary hearing on those facts. *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002). Until such a hearing is held, or if

---

[3] While this portion of the Complaint is difficult to understand, the Court believes such to be Juarez's allegation. A district court is "required to liberally construe the *pro se* plaintiff's pleadings, however inartfully pleaded." *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989) (internal quotation marks omitted) (collecting cases).
[4] Juarez's action named "JAIME DIMON CEO/CHASE BANK U.S.A., N.A." as defendants, although in his Response, ECF No. 8, to Dimon's Motion to Dismiss, he names "JAMES DIMON CEO CHASE BANK and CHASE BANK N.A."

such a hearing is not held, a plaintiff need only make out a *prima facie* case that jurisdiction exists. *Id.*

In a case where a federal court's jurisdiction is invoked via a federal question, the court has personal jurisdiction over a defendant if service of process upon that defendant would be authorized either by the federal statute under which the plaintiff sues, or by the applicable state laws in the jurisdiction where the court sits. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Associates of Hous. Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir. 2010). The FCRA does not authorize nationwide service of process. 15 U.S.C. § 1681p. The Illinois long-arm statute extends to the limits permitted by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See* 735 ILCS 5/2-209(c) ("A court may also exercise jurisdiction on any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States"); *N. Grain Mktg., LLC v. Greving*, 743 F.3d 487, 491–92 (7th Cir. 2014) ("Thus, the statutory question merges with the constitutional one—if Illinois constitutionally may exercise personal jurisdiction over a defendant, its long-arm statute will enable it to do so").

Due process requires that a defendant have "minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). "The nature of the defendant's contacts with the forum state determines the propriety of personal jurisdiction and also its scope—that is, whether jurisdiction is proper at all, and if so, whether it is general or specific to the claims made in the case." *Tamburo v. Dworkin*, 601 F.3d 693, 701 (7th Cir. 2010).

General jurisdiction may be exercised when a defendant has such "continuous and systematic general . . . contacts" as to allow a court fairly to exercise jurisdiction over the

defendant even for claims unrelated to the nature of the contacts. *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984); *see Wallace v. Herron*, 778 F.2d 391, 393 (7th Cir. 1985). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct 2846, 2853–54 (2011).

On the other hand, to determine if specific jurisdiction applies, courts "decide whether a defendant has 'purposefully established minimum contacts within the forum State' and consider whether, by traditional standards, those contacts would make personal jurisdiction reasonable and fair under the circumstances." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 476 (1985)). Central to the minimum contacts analysis is the determination of whether a defendant, based on his activities in the forum state, "should reasonably anticipate being haled into court" there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

While the minimum-contacts analyses may substantially overlap when applied to both a corporation and an officer of that corporation, jurisdiction over the officer is not proper simply because a court has jurisdiction over the corporation (and vice versa); jurisdiction must be shown to exist for each defendant. *See Baroody v. Bankair, Inc.*, No. 02-7596, 2003 U.S. Dist. LEXIS 970, at *2–3 (N.D. Ill. Jan. 21, 2003); *Keeton v. Hustler Magazine*, 465 U.S. 770, 781 n. 13 (1984).

**II.     Analysis**

Dimon argues that Juarez has not alleged sufficient facts about Dimon's contacts with Illinois to support this Court's exercise of either general or specific jurisdiction. Mem. Supp.

4

Def.'s Mot. Dismiss 6–7.  Indeed, the Court can perceive hardly any facts alleged in Juarez's complaint about the nature of Dimon's connection with Illinois.  Beyond the conclusory statement that "VENUE IN THIS DISTRICT IS PROPER BECAUSE DEFENDANT(S) ARE SUBJECT TO JURISDICTION HERE," the Complaint never squarely addresses the issue.  Nowhere is it alleged that Dimon is domiciled in Illinois, and thus subject to general jurisdiction here.  *See Goodyear*, 131 S.Ct at 2853–54.  The nature of Dimon's contact with Illinois, if any, is not discussed.  Plaintiff may be attempting to imply that Dimon is associated with co-defendant Chase Bank, and that it is through Chase Bank's alleged actions that Dimon has sufficient contacts to Illinois.  But even if Chase Bank were subject to jurisdiction here, it would not follow that Dimon is.  *See Baroody*, 2003 U.S. Dist. LEXIS 970, at *2–3.

Juarez's Response, ECF No. 8, discusses the legal requirements for personal jurisdiction, citing and analyzing *Burger King v. Rudzewicz*, but does not make out a prima facie case for Dimon's connection to this forum.  *See* Pl.'s Resp. Mot. Dismiss 3.  Juarez does append to his response a sarcastic, objurgatory prose-poem, entitled "Boilerplate Allegations," that suggests Dimon and Chase Bank are unjustly enriching themselves at the cost of ordinary debtors.  *Id.*, Ex. A (stating, for example, "OK, IT WAS A LONG WINTER, BUT WE WOKE / UP IN JANUARY 2014 TO CO-INSIDE WITH MY SALARY INCREASE…OH YES WE DID").  None of the facts alleged in this document, however, do any more to suggest that Dimon has a connection to Illinois such that he "should reasonably anticipate being haled into court" here.  *World-Wide Volkswagen*, 444 U.S. at 297.  Having been put on notice by Dimon's motion, it was incumbent on Juarez to make out a *prima facie* case for the Court's exercise of personal jurisdiction, and he has made out no such case.  Juarez has failed to allege facts sufficient for this

Court to assert personal jurisdiction over Dimon. No material facts about jurisdiction are disputed by the parties, so there is no need to hold an evidentiary hearing.

**CONCLUSION**

Accordingly, Defendant Dimon's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 5, is GRANTED. Plaintiff Juarez's claims as to Defendant Dimon are DISMISSED.


Entered this 16th day of December, 2014.

                                                /s Sara Darrow
                                                SARA DARROW
                                      UNITED STATES DISTRICT JUDGE