UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ROBERT JAUREZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 4:14-cv-04043-SLD-JEH |
| JAMIE DIMON and CHASE BANK USA, N.A., | ) ) ) ) |
| Defendants. | ) |

ORDER

This matter is before the Court on Defendant Chase Bank USA, N.A.'s Motion to Dismiss, ECF No. 14, and Plaintiff Robert Jaurez's Motion for Leave to File, ECF No. 19. For the reasons that follow, Defendant's motion is GRANTED and Plaintiff's motion is DENIED.

**INTRODUCTION**

Robert Juarez ("Juarez"), initially proceeding *pro se*,[1] filed a complaint, ECF No. 1, against Chase and its CEO, James Dimon ("Dimon"), on April 29, 2014.  The Complaint seeks "TO SECURE REDRESS FROM UNLAWFUL CREDIT REPORTING PRACTICES . . . IN VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. ("FCRA") and IRS CODE OF PUBLICATIONS 4681 (2013) CANCELLED DEBTS, SPECIFICALLY CODE-B . . . ." Compl. 1. This Court previously dismissed Plaintiff's claims against Dimon for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). Order, ECF No. 13. Chase now moves the Court to dismiss Plaintiff's claims against it for failure to state a claim under Rule 12(b)(6). Def.'s Mot. Dismiss 1, ECF No. 14.

---

[1] Attorney Stephen Fieweger noticed his appearance on behalf of Plaintiff on December 3, 2014. Notice, ECF No. 10.

1

## DISCUSSION

I.   **Plaintiff's Motion for Leave to File**

Before addressing the motion to dismiss, the Court must first address Juarez's untimely response, ECF No. 19-2, to the motion.

   a.   **Background**

The deadline for Plaintiff to file his response to Chase's motion to dismiss was January 9, 2015. *See* CDIL-LR 7.1(B)(2) ("The response must be filed within 14 days after service of the motion and memorandum."); Def.'s Mot. Dismiss (filed on December 23, 2014). Plaintiff, however, did not file a response on or by January 9, 2015. Nor did Plaintiff request an extension of time to respond on or by January 9, 2015. Instead, Juarez submitted a letter, filed as a motion for extension of time, on April 8, 2015, in which Juarez informed the Court that he "need[ed] to find or request time to find a job and gather the funds required to deal with the IRS . . . ." Pl.'s Mot. Extension Time 1, ECF No. 16. Juarez also informed the Court that he had made attempts to reach his attorney, but that such "attempts to reach him ha[d] failed." *Id.* Chase timely opposed Juarez's motion for an extension of time. Def.'s Resp. to Mot. Extension of Time, ECF No. 18.

After Juarez filed his letter, Magistrate Judge Jonathan Hawley set a telephone status conference for April 28, 2015. *See* Apr. 13, 2015 Text Order. At the conclusion of the conference, Magistrate Judge Hawley gave Plaintiff's counsel fourteen days to discuss with Juarez the case and whether and how Jaurez wished to proceed with it. Apr. 28, 2015 Minute Entry. Magistrate Judge Hawley also set a second status conference for May 14, 2015. *Id.*

At the second status conference, Plaintiff's counsel confirmed his continued representation of Juarez, made an oral motion to strike Chase's motion to dismiss, and indicated that, in the

event his oral motion was denied, he intended to file a response to the motion to dismiss. May 14, 2015 Minute Entry. Magistrate Judge Hawley denied the oral motion, and directed Plaintiff to file a motion for leave to file a response to Chase's motion to dismiss no later than May 28, 2015. *Id.* Magistrate Judge Hawley later entered a text order finding Juarez's letter motion for extension of time, ECF No. 16, moot. May 29, 2015 Text Order.

Plaintiff filed his motion for leave to file on May 28, 2015. Pl.'s Mot. Leave to File, ECF No. 19. The motion explains that Plaintiff's failure to timely file a response to Chase's motion to dismiss was due to a calendaring error on the part of counsel's legal assistant, and because counsel was, at that time, receiving email notifications only at his Gmail address. *Id.* ¶ 4. The motion further explains that Plaintiff's counsel did not become aware of Chase's motion to dismiss until he received a copy of the Magistrate Judge Hawley's April 13, 2015 text order setting the case for a status conference. *Id.* ¶ 5.

Chase timely filed its opposition to Plaintiff's motion for leave to file on June 15, 2015. Def.'s Resp. to Mot. Leave to File, ECF No. 20.

### b. Analysis

Central District of Illinois Local Rule 6.1 provides that "[a]ny party seeking an extension of time for any reason must file a motion for such extension before the original deadline," and that "[m]otions filed out of time will be denied, unless the presiding judge determines that such denial would create a substantial injustice." CDIL-LR 6.1. The Seventh Circuit has repeatedly held that a district court is within its discretion to enforce the deadlines set by Local Rules by refusing to allow late filings. *See, e.g.*, *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605–07 (7th Cir. 2006). Indeed, the Seventh Circuit in *Reales v. Consolidated Rail Corp.* held that refusing to excuse even a one-day delay is within the discretion of a district court. 84 F.3d 993, 996–97

(7th Cir. 1996); *accord Spears v. City of Indianapolis*, 74 F.3d 153, 157 (7th Cir. 1996).

Here, the Court finds that no substantial injustice will result from the denial of Plaintiff's motion for leave to file. Contrary to Plaintiff's assertion, denial of the motion will not prevent him "from being able to have his claim legally adjudicated." Pl.'s Mot. Leave to File ¶ 3. When a plaintiff fails to respond to a motion to dismiss, "the court either orders the party to respond or decides the motion without the benefit of a response." *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000) ("There are a myriad of reasons why a party might be months late in responding to a motion. The likeliest, and apparently the one here, is carelessness . . . . Another possibility, one we encounter frequently in our court, is that the party opposing the motion thinks the motion's lack of merit so patent that no response is required."); *cf.* CDIL-LR 7.1(B)(2) ("If no response is timely filed, the presiding judge will presume there is no opposition to the motion and may rule without further notice to the parties."). Accordingly, Plaintiff's motion is DENIED.[2]

## II. Defendant's Motion to Dismiss

Turning to the pending motion to dismiss, Chase argues that Plaintiff has failed to state a claim upon which relief can be granted, and that this Court should therefore dismiss the Complaint against it. Def.'s Mot. Dismiss 1. The Court agrees. Even under a liberal construction,[3] the Complaint fails to state a claim against Chase.

### a. Background

In 2010, Chase sued Juarez in Illinois state court, seeking to collect on outstanding credit card debts totaling $29,112.32. Compl. 2. The action was dismissed without prejudice on May

---

[2] The Court's decision to deny Plaintiff's motion for leave to file is bolstered by its review of Plaintiff's proposed response brief, ECF No. 19-2, which fails to advance any substantive argument in opposition to Defendant's motion to dismiss.

[3] A district court is "required to liberally construe the *pro se* plaintiff's pleadings, however inartfully pleaded." *Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1183 (7th Cir. 1989) (internal quotation marks omitted) (collecting cases).

12, 2011. *Id.* After the action was dismissed, Plaintiff claims that Chase "acted in a false, deceptive, misleading manner by causing a letter(s) as well as sending the IRS 1099-C in a continued effort . . . to make assumptions that Plaintiff owes said debt." *Id.*

Plaintiff claims that Chase's conduct is in violation of both the FCRA and IRS Code of Publications 4681, and prevented him from securing employment in various fiduciary and/or financial positions. *See id.* at 2. In relief, he seeks $750,000 in lost wages, *id.*, and $3,000,000 in damages, *id.* at 3.

### b. Motion to Dismiss Standard

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff. *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012). A court will dismiss a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief." *Id.* This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted).

### c. Analysis

#### i. Plaintiff's IRS Code of Publications 4681 Claim

The IRS Code of Publications 4681 (2013) is a publication distributed by the IRS that "explains the federal tax treatment of canceled debts, foreclosures, repossessions, and

abandonments." IRS Code of Publications 4681 (2013) 2, ECF No. 19-2. It is intended "for use in preparing 2013 [Tax] Returns." *Id.* at 1. It is not a statute and does not provide a cause of action. *See United States v. Josephberg*, 562 F.3d 478, 498 (2d Cir. 2009) (explaining "IRS publications, though aimed at explaining existing tax law to taxpayers, do not have the force of law" (internal quotation marks omitted)). Plaintiff's claim against Chase based on IRS Code Publications 4681 is therefore DISMISSED WITH PREJUDICE.

### ii. Plaintiff's FCRA Claim

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To accomplish this purpose, the FCRA imposes certain obligations on furnishers of this information, such as requiring furnishers to report accurate information to consumer reporting agencies, 15 U.S.C. § 1681s-2(a), and to perform a reasonable investigation to verify the sufficiency and accuracy of reported information when notified by a consumer reporting agency of a consumer dispute, 15 U.S.C. § 1681s-2(b). The FCRA also imposes certain restrictions on the use of consumer credit reports. *See* 15 U.S.C. § 1681b(f).

In the instant case, Plaintiff fails to set forth sufficient facts to plausibly support a claim against Chase under any section of the FCRA.[4] The Complaint alleges only that after the Illinois state action was dismissed without prejudice, Chase continued to "act[] in a false, deceptive, misleading manner by causing a letter(s) as well as sending the IRS 1099-C in a continued effort . . . to make assumptions that Plaintiff owes said debt." Compl. 1. This is not enough to state a claim under the FCRA. *See, e.g.*, *Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171, 1174 (E.D.

---

[4] Plaintiff's complaint does not specify which section or sections of the FCRA Chase is alleged to have violated.

Wis. 2009) ("Plaintiff alleges nothing that plausibly suggests either that he provided notice to a [consumer reporting agency] that he disputed the accuracy of information that it possessed or disseminated or that a [consumer reporting agency] provided notice to [the defendant-bank] of such a dispute"); 15 U.S.C. § 1681o (imposing liability on furnisher only if furnisher negligently fails to perform a reasonable investigation after receiving notice of a dispute).

Accordingly, Plaintiff's FRCA claim against Chase is DISMISSED WITHOUT PREJUDICE, with leave to file an amended complaint—limited to his FCRA claim—no later than September 24, 2015. *See Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, . . . a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires"). Should Plaintiff elect to file an amended complaint, both Plaintiff and his counsel are advised to diligently comply with all future filing and other deadlines, as the failure to do so may result in dismissal for want of prosecution.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File, ECF No. 19, is DENIED. Defendant's Motion to Dismiss, ECF No. 14, is GRANTED. Plaintiff's purported claim under IRS Code of Publications 4681 is DISMISSED WITH PREJUDICE. Plaintiff's claim under the FCRA is DISMISSED WITHOUT PREJUDICE. To the extent Plaintiff believes he has a meritorious FCRA claim against Chase, the Court grants him leave to file an amended complaint—limited to that claim—***no later than*** September 24, 2015.

Entered this 10th day of September, 2015

                     s/ Sara Darrow
                    SARA DARROW
              UNITED STATES DISTRICT JUDGE