**E-FILED**

Thursday, 29 September, 2016  02:56:13 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ROBERT JUAREZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-cv-04043-SLD-JEH |
| | ) | |
| JAMIE DIMON and CHASE BANK USA, | ) | |
| N.A., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court are Defendant Chase Bank USA, N.A.'s ("Chase") Motion to Dismiss,

ECF No. 26, and Plaintiff Robert Juarez's Motion for Summary Judgment, ECF No. 30; his

Motion for Evidentiary Amendment, ECF No. 33; his Motion to Amend, ECF No. 34; his

Motion to Deny the Motion to Dismiss, ECF No. 36; and a second Motion to Amend the

Complaint, ECF No. 38.  For the following reasons, Chase's Motion to Dismiss is GRANTED,

and all the rest of the motions DENIED.

## BACKGROUND[1]

Juarez opened two credit card accounts with Chase for his business.  Someone used the

credit cards to make charges on the accounts totaling $20,496.52 and $8,615.80.  Juarez reported

the transactions, which he had not authorized, to Chase, closed the accounts, and told Chase that

he "would not be responsible for the charges."  Am. Compl. 1, ECF No. 25.  Chase later filed

suit against Juarez in Illinois court to collect on the debt.  The case was dismissed.  Chase

subsequently reported to credit reporting agencies that Juarez was delinquent on payment of

---

[1] On a motion to dismiss, a court accepts all well-pleaded factual allegations as true, and views them in the light
most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013).  Accordingly,
the facts here are taken from Juarez's Amended Complaint, ECF No. 25, unless otherwise attributed.

these accounts.  Juarez claims he gave information to Chase showing he was not responsible for these debts, although he does not specify what that information consisted of.  His credit rating has been negatively impacted by Chase's reporting to credit agencies.

Juarez, initially pro se, filed a complaint, ECF No. 1, in this Court on April 29, 2014, naming as defendants both Chase and James Dimon.  This initial pleading mentioned both the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, and the IRS Code of Publications 4681 (2013).  Compl. 1.  The Court dismissed the claims against Dimon for want of personal jurisdiction.  Dec. 16, 2014 Order, ECF No. 13.  Chase then moved to dismiss the rest of the claims.  Mot. Dismiss, ECF No. 14.  The Court granted the motion in its entirety, Sept. 10, 2015 Order, ECF No. 21, explaining that the IRS Code of Publications does not provide a cause of action, *id.* at 5–6, and Juarez had alleged insufficient facts to support his FCRA claim, *id.* at 6–7. The dismissal was without prejudice, and the Court invited Juarez to refile his claim by September 24, 2015, admonishing him that a failure to respect deadlines imposed by the Court might result in dismissal of his case.  *Id*. at 7.  By now represented, Juarez filed an Amended Complaint (a day late) on September 25, 2015, this time raising only an FCRA claim.  Juarez's attorney withdrew.  Dec. 16, 2015 Minute Entry.  Chase again moved to dismiss, which motion is now before the Court.

## DISCUSSION

Chase argues that Juarez's Amended Complaint still fails to state a claim under the FCRA, because (a) the FCRA provides no generalized private right of action to consumers for another party's failure to provide accurate information to a consumer reporting agency ("CRA") and (b) Juarez fails to satisfy the pleading requirements for the specific cause of action the FCRA does provide consumers.  Mem. Supp. Mot. Dismiss 5–9, ECF No. 27.  Juarez responds (as far as

the Court is able to decipher—his filings are obscure) that Chase already litigated this or a similar claim in State court, and that it failed to report some sums on which he defaulted to the Internal Revenue Service ("IRS").  Resp. Mot. Dismiss 3–4, ECF No. 28.

## I.    Legal Standard on a Rule 12(b)(6) Motion to Dismiss

In reviewing a motion to dismiss, a court must accept as true all well-pleaded facts in the complaint, and draw all reasonable inferences in favor of the plaintiff.  *Scanlan v. Eisenberg*, 669 F.3d 838, 841 (7th Cir. 2012).  A court will dismiss a complaint if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In determining whether such a claim has been stated, a court should first identify pleadings that "because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  It should then take the remaining, well-pleaded factual allegations, "assume their veracity[,] and . . . determine whether they plausibly give rise to an entitlement to relief."  *Id.* This means that a complaint must provide "allegations that raise a right to relief above the speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (internal quotation marks omitted).

## II.    Analysis

The purpose of the FCRA is "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b). To accomplish this purpose, the FCRA imposes certain obligations on furnishers of such information, requiring furnishers to report accurate information to consumer reporting agencies, 15 U.S.C. § 1681s-2(a), and to perform a reasonable investigation to verify the

sufficiency and accuracy of reported information when notified by a consumer reporting agency of a consumer dispute, 15 U.S.C. § 1681s-2(b). The FCRA also imposes certain restrictions on the use of consumer credit reports. *See* 15 U.S.C. § 1681b(f).

Juarez failed before to set forth adequate facts to support an FCRA claim, and he has failed to do so again.  He alleges that Chase reported to a CRA that Juarez owed Chase money, even though Juarez had disputed the debt with Chase.  Am. Compl. 7.  He alleges that Chase at one point filed a lawsuit to collect on these amounts, and that the lawsuit was dismissed.  *Id.*  But the cause of action the FCRA gives consumers requires consumers to notify the CRA to which inaccurate information was provided.  No liability can accrue to a furnisher of such information absent this notification.  15 U.S.C. §§ 1681s-2(b)(1)(A), 1681i(a)(2); *see Ori v. Fifth Third Bank*, 603 F. Supp. 2d 1171, 1174 (E.D. Wis. 2009) ("Plaintiff alleges nothing that plausibly suggests either that he provided notice to a [consumer reporting agency] that he disputed the accuracy of information that it possessed or disseminated or that a [consumer reporting agency] provided notice to [the defendant-bank] of such a dispute").  Juarez's many later filings before this Court, while diversely styled, either repeat the pseudo-arguments contained in his response to the motion to dismiss, or wander into illustrated jeremiads against public figures not related to the instant litigation.  *See, e.g.*, Second Mot. Am. Compl. 4, ECF No. 38 (depicting via collage a muscled former United States Representative Dennis Hastert).  His filings are, at all events, uniformly unresponsive to the fatal deficiency described above.

Juarez's claim fails again, and this time a dismissal with prejudice is warranted.  *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("Leave to amend need not be granted . . . if it is clear that any amendment would be futile.").  When given leave to amend and clearly instructed as to the deficiency of his initial Complaint, Juarez filed an amended complaint containing the

exact same deficiency.

## CONCLUSION

Accordingly, Defendant's Motion to Dismiss, ECF No. 26, is GRANTED.  Plaintiff's

Motion for Summary Judgment, ECF No. 30; his Motion for Evidentiary Amendment, ECF No.

33; his Motion to Amend, ECF No. 34; his Motion to Deny the Motion to Dismiss, ECF No. 36;

and his second Motion to Amend the Complaint, ECF No. 38; are all DENIED.  Juarez's

Amended Complaint is DISMISSED WITH PREJUDICE.  The Clerk is directed to enter

judgment and close the case.


Entered this 29th day of September, 2016.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE
